UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
FELIX TATIS,                                                :
                                                            :
                        Plaintiff,                          :
                                                            :       05 Civ. 2067 (GEL)
            -v-                                             :
                                                            :       **OPINION AND ORDER**
JO ANNE B. BARNHART,                                        :
Commissioner of Social Security,                            :
                                                            :
                        Defendant.                          :
                                                            :
------------------------------------------------------------x

Christopher James Bowes, Esq., Center for Disability
Advocacy Rights, Inc., New York, NY, for plaintiff.

John E. Gura, Jr., Assistant United States Attorney,
Southern District of New York (Michael J. Garcia,
United States Attorney, on the brief), New York, NY,
for defendant.

GERARD E. LYNCH, District Judge:

  Plaintiff Felix Tatis, whose claim for Social Security Disability and Supplemental Security Income benefits was denied by the Commissioner of Social Security (the "Commissioner"), moves for judgment on the pleadings reversing the Commissioner's determination, finding him disabled, and ordering payment of benefits. The Commissioner, conceding error in the proceedings before the Administrative Law Judge ("ALJ"), cross-moves for remand for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). Plaintiff's motion will be denied and the Commissioner's motion granted.

  Tatis injured his back at work in 2001, and applied for Social Security benefits on August 8, 2002. On June 25, 2004, following a hearing, the ALJ found that Tatis was not disabled, and

denied benefits. The Appeals Council denied review on December 9, 2004. (Tr. 5-7.)

Following the five-step process for evaluating disability claims, see 20 C.F.R. §§ 404.1520, 416.920,[1] the ALJ determined that Tatis had not engaged in substantial gainful work since the onset of his injury, and that the injury was a "severe" impairment, although not one that was "medically equal" to an impairment listed in the regulations. (Tr. 21.) The ALJ found, however, that Tatis had the residual functional capacity to perform a full range of sedentary work and a wide range of light work, and relied on the testimony of a vocational expert to conclude that there were occupations in the national and local economy that an individual with plaintiff's education, experience and ability could perform. (Id. at 14, 21, 22.)

---

[1] As the Second Circuit has explained,

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (alterations in original), quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam).

The Commissioner now concedes that the ALJ failed to correctly apply the law and regulations. As the Commissioner acknowledges, the critical testimony of the vocational expert was based on an unclear hypothetical question that appeared to incorporate elements of both "light" work and sedentary work. The Commissioner also acknowledges that it was unclear what the ALJ meant when he asked the vocational expert to consider only those jobs that required "low levels of concentration." (Tr. 223); see Aubeuf v. Schweiker, 649 F.2d 107, 114 (2d Cir. 1981) ("[A] vocational expert's testimony is only useful if it addresses whether the particular claimant, with his limitations and capabilities, can realistically perform a particular job."); Lugo v. Chater, 932 F. Supp. 497, 504 (S.D.N.Y. 1996) ("Proper use of vocational testimony presupposes both an accurate assessment of the claimant's physical and vocational capabilities, and a consistent use of that profile by the vocational expert in determining which jobs the claimant may still perform."). Thus, the ALJ's ultimate finding that there were jobs that Tatis could perform was infected by error, and the decision should be reversed. See Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) ("A district court may set aside the Commissioner's determination that a claimant is not disabled . . . if the decision is based on legal error.").

What divides the parties is the question of remedy. The Commissioner argues that a remand is necessary so that the ALJ can appropriately develop the record by eliciting more relevant testimony from the vocational expert and from plaintiff's treating physician, Dr. Geiger. Tatis argues that a remand is unnecessary, since the record conclusively establishes that he is disabled. Unfortunately for Tatis, however, the record is not as conclusive as he contends.

Tatis argues that the testimony of various doctors that he is "moderately limited" in his ability to sit undermines the ALJ's conclusion that he is capable of performing sedentary work,

3

which "[b]y its very nature . . . requires a person to sit for long periods of time." Curry v. Apfel, 209 F.3d 117, 123 (2d Cir. 2000) (first alteration in original) (citation and internal quotation marks omitted). But this oversimplifies both the relevant regulations and the record. The Commissioner's policy statements do not rule out sedentary work where a person must alternate between sitting and standing, but rather provide that where a person's inability to sit or stand for extended periods limits his ability to do a full range of work, a vocational expert should be consulted to identify possible jobs available to a person with the claimant's specific limitations. Social Security Ruling 83-12, 1983 WL 31253, at *4 (S.S.A. 1983).

Moreover, the factual record is hardly conclusive. As Tatis points out, one examining physician, Dr. Baruch, opined that Tatis could only stand or walk for one hour and sit for a total of three hours in an eight-hour day. (Tr. 147.) While Tatis characterizes this conclusion as "uncontradicted" (Reply Mem. at 1), this is only true in the limited sense that the several other examining doctors whose opinions are in the record did not quantify their assessments in this precise manner. Another doctor who examined Tatis, Dr. Vishnubhakat, appeared skeptical as to whether he suffered from any significant injury at all. (Tr. 125-26.) Yet another, Dr. Finger, characterized Tatis as "moderately limited in the duration of time able to sit, [and] moderately limited in the duration of time [he] is able to stand." (Id. at 92.) A non-examining physician, Dr. Plotz, upon review of the medical records, concluded that Tatis would have no limitation in sitting and that he could stand or walk for six hours in an eight-hour day (id. at 207), but that he would have to alternate standing and sitting throughout the day. (Id. at 221.) Tatis's treating physician, Dr. Geiger, to whose opinion the ALJ is required to give special deference, Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam), stated only that Tatis had a "moderate

4

partial disability." (Tr. 107.) Moreover, Dr. Baruch himself appears to believe that Tatis could perform a "light sedentary job." (Id. at 146.)

Tatis argues persuasively that a factfinder ought to conclude, on this record, that Tatis is disabled. Dr. Baruch, on whose testimony Tatis principally relies, was not hired by Tatis, but rather by his employer's insurance carrier. (Id. at 209-213.) He examined Tatis in the context of Tatis's worker's compensation claim, and thus might have been expected to lean, if at all, towards minimizing Tatis's injury. A factfinder might reasonably discount the testimony of the doctors less favorable to Tatis: Dr. Vishnubhakat's opinion could be discounted because he worked for Tatis's employer, and thus would arguably have a similar bias, while Dr. Plotz, unlike Dr. Baruch, had not actually examined Tatis. Drs. Finger and Geiger utilized the term "moderate," as did Dr. Baruch, and thus those doctors might also have agreed with Dr. Baruch's more specific, quantitative conclusions.

But while a factfinder might analyze the record this way, such conclusions are not required. There is no evidence in the record that all doctors use the words "moderate" limitations or "moderate" disability in the same sense, and the ALJ need not assume that they do. A factfinder need not reject the testimony of Dr. Vishnubhakat or Dr. Plotz, and it would be entirely reasonable for an ALJ, who has an obligation to develop the record and in particular to seek out the views of a treating physician, Shaw v. Chater, 221 F.3d 126, 134-135 (2d Cir. 2000), citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998), to seek more specific testimony from Dr. Geiger, who has the most thorough knowledge of the patient and could be expected to have a useful opinion with respect to Tatis's particular degree of residual functional capacity to sit and stand.

5

Though a court should order payment of benefits where the record contains "persuasive proof of disability" and where remand for further evidentiary proceedings would serve no purpose, Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), that standard is not met here. See also Rivera v. Sullivan, 923 F.2d 964, 970 (2d Cir. 1991); McKay v. Barnhart, 302 F. Supp. 2d 263, 265 (S.D.N.Y. 2004). The record contains divergent and unspecific medical opinions; the views of the treating physician are unclear; and the views of a vocational expert have not been properly solicited. It is for the ALJ, in the first instance, and not for this Court, to seek out additional information, reconcile the conflicting views, and determine, under the proper legal standard, whether plaintiff is disabled. See Jones v. Barnhart, 04 Civ. 8421 (GEL), 2006 WL 463954, at *3 (S.D.N.Y. Feb. 21, 2006) ("It is not the district court's function to determine de novo whether [a claimant] is disabled." (alteration in original) (citation and internal quotation marks omitted)).

Accordingly, defendant's motion is granted and the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. Plaintiff's motion for judgment on the pleadings is denied.

SO ORDERED.

Dated: New York, New York
July 25, 2006

*[signature]*
GERARD E. LYNCH
United States District Judge